IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00714-AP
      Bank. Case No. 08-11271-SBB

In re MARY JULIA HOOK,

      Debtor.
_____

MARY JULIA HOOK

      Appellant,

v.

UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE,

      Appellee.

_____

ORDER DENYING VERIFIED EMERGENCY MOTION TO STAY (Doc. 5)
AND FOR REASSIGNMENT IN ACCORDANCE WITH D.C.COLO.LCIV.R 40.1.C.2
_____

KANE, J.

This newly filed bankruptcy appeal is the latest in long-standing litigation arising out of the tax-deficiency related bankruptcy of Mary Julia Hook and David Smith. *See In re Hook, et al.*, Civil Action Nos. 07-cv-00631-BSJ and 07-cv- 648-BSJ (D. Colo., Jenkins, J. sitting by designation); *Hook v. USA*, Civil Action No. 10-cv-02904-MSK. It is before me on Ms. Hook's Verified Emergency Motion (Doc. 5) to stay the Bankruptcy Court's order granting the government's motion to dismiss her Chapter 11 bankruptcy case over her objection. The Motion, which Ms. Hook purports to have filed in

accordance with Bankruptcy Rules 8005 and 8011(d), is procedurally flawed and I deny it on that basis with leave to re-file, if appropriate, in conformance with the aforementioned rules. This appeal, moreover, seeks largely the same relief considered and denied by Judge Krieger in Civil Action 10-cv-02904-MSK and is related to the two previous appeals arising out of Bankruptcy Case No. 08-11271-SBB, Civil Action Nos. 07-cv-361 and 348, which were assigned to Judge Jenkins. As such, it will be properly assigned on its merits to one of those two judges under D.C.COLO.LCiv.R 40.1.C.2.

For the following reasons, Appellant's "Verified Emergency Motion to Stay the Bankruptcy Court's Dismissal Order Pending Appeal" (Doc. 5) is DENIED with leave to re-file, and the appeal remanded to the Clerk of the Court for reassignment in accordance with the Local Rules:

1. Bankruptcy Rule 8011(d) requires any "emergency" motion to be accompanied by an affidavit setting forth the nature of the emergency, and shall "state whether all grounds advanced in support [of the claimed emergency] were submitted to the bankruptcy judge and, if any grounds relied on were not submitted, why the motion should not be remanded to the bankruptcy judge for reconsideration." While Ms. Hook appears to have sought to avoid the affidavit requirement by filing her emergency request a "Verified" Motion, the Motion's contents, even if verification were viewed as complying with the Rule, fall short of the Rule's required representations.

2. Rule 8005 requires that motions to stay "ordinarily be presented to the bankruptcy

   judge in the first instance." In her Verified Motion, Ms. Hook simply states that doing so would be a "pointless," as the outcome is "entirely predictable." Mot. (Doc. 5) at 7. That may be so, but I am not at all convinced that Ms. Hook's belief in this regard justifies depriving the Bankruptcy Court of his say.

3. In order properly to support the filing of an "emergency" motion under Rule 8011(d), moreover, a movant "shall make every practicable effort to notify opposing counsel in time for counsel to respond to the motion." The Rule also requires the movant in her accompanying affidavit to state "when and how opposing counsel was notified or if opposing counsel was not notified why it was not practicable to do so." *Id.* The sum total of Ms. Hook's representations in this regard is that, "[p]rior to filing this Emergency Motion, Debtor's counsel contacted the attorney for the United States in Washington, D.C. and left a voicemail message notifying him of this motion." Verified Mot. at 7. Given that the order to be stayed was issued on February 15, 2011, and given the litigation going on between the parties at that time in Civil Action 10-cv-0294 which continued until two weeks ago, I can divine no justifiable reason why Ms. Hook or her counsel could not reach the government's attorney before filing this Motion. Ms. Hook's efforts to notify opposing counsel are wholly insufficient under Rule 8011(d), and her Emergency Motion is denied on this basis as well.

4. Further, and because any additional pre-merits motions practice in this appeal is sure to be intertwined with the appeals and the motion to withdraw reference that

have gone before, I hereby exercise my discretion as the judge overseeing the court's AP docket to REMAND this appeal to the Clerk of the Court for reassignment in accordance with D.C.COLO.LCiv.R 40.1.C.2.  That Rule provides that "[o]nce a bankruptcy appeal or motion to withdraw the reference has been assigned to a district judge by random draw, any case subsequently filed concerning the same debtor in bankruptcy shall be assigned to the same district judge," and applies in this case.  Whether that Judge is Judge Jenkins or Judge Krieger, I leave to the sound judgment of the Clerk and the judges involved.

The Verified "Emergency" Motion to Stay (Doc. 5) is DENIED, and Civil Action 11-cv-00714 is REMANDED to the Clerk of the Court for reassignment in accordance with D.C.COLO.LCiv.R 40.1.C.2.

Dated this 23d day of March, 2011, at Denver, Colorado.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE